Maud Howe Elliott
vs.
Dave Tisnower, alias, et als. d. b. a. Bric & McMahon Co. } Law No. 4577.

January 14, 1933.

JOSLIN, J. The action is trespass on the case for negligence and is heard on the defendants' demurrer to the plaintiff's declaration.

The declaration is in one count and alleges a collision at the intersection of public highways in Newport of an automobile owned by the plaintiff, in which she was riding, and an automobile truck operated by the defendants' servants.

The declaration alleges the duty of the defendants to operate their automobile truck in a "reasonably careful and prudent manner" and that, notwithstanding such duty, the defendants' servants so "negligently operated, managed and controlled" their said truck that it ran into and collided with the plaintiff's automobile.

The demurrer is based upon the ground that it does not appear with "sufficient particularity the manner in which the plaintiff claims the defendants were negligent".

The plaintiff attempts to justify her general allegation of negligence with the statement in the declaration that she "lacks the knowledge or means of knowledge which would enable her to allege with particularity and certainty the negligent acts of said defendants". It is apparent that the declaration was drawn having in mind the case of *Bennett* vs. *Connery*, 48 R. I. 350. It is contended by the plaintiff that the principle set forth in that case is applicable to the case at bar.

In *Kelley* vs. *Davis*, 48 R. I. 94, the Court said:

"In an action for negligence the declaration must allege the facts which are the basis of defendant's supposed duty to plaintiff and the breach of such duty. When * * * the facts could have been ascertained by plaintiff, a general allegation of negligence is not sufficient; in such a case it must be alleged with reasonable certainty in what respect defendant was negligent. The defendant is entitled to receive fair notice by the declaration of the claim he is required to defend."

See also

*Ferra* vs. *United Electric Railways Co.*, 52 R. I. 7.

The declaration in the instant case contains a general allegation of negligence, and it is clear that without the excusatory statement in the declaration, it would clearly be demurrable.

Does such statement, in and of itself, relieve the plaintiff from compliance with the rule enunciated in *Kelley* vs. *Davis*? The Court has no case before it exactly in point and resort must be had to the case of *Bennett* vs. *Connery, supra*, for guidance.

In the *Bennett* vs. *Connery* case, the plaintiff was at work 40 feet below a staging which was entirely within the control of the defendant. The declaration alleged the duty of the defendant to use reasonable care in the use of the staging and that the defendant breached said duty in that it so negligently employed the same that it fell upon and injured the plaintiff. This was a general allegation of negligence and a demurrer upon that ground was sustained. The Supreme Court, however, suggested an amendment to the declaration by the addition thereto of the statement that the plaintiff had no knowledge or means of knowledge of the facts connected with the defendant's use of the staging or the cause of its fall, that the staging was entirely within the control of the defendant and if managed by it with reasonable care, would not in the ordinary course of things have fallen, and that the plaintiff is unable to allege with particularity the exact cause of the accident or the precise nature of the defendant's negligence which caused the staging to fall. The Court's suggestion was that the plaintiff should allege not alone a lack of knowledge or means of knowledge, but also a statement of the facts upon which such a conclusion is based. With the declaration amended to conform to the Court's suggestion, it becomes clear that the conclusion of inability to furnish the basic facts of the defendant's supposed duty to the plaintiff and breach thereof, was entirely justified.

In the instant case there was a collision between two automobiles. It is either clear from the declaration or fairly inferable therefrom that the plaintiff, equally with the defendants,

was in possession of the facts and the cause of the collision. This differentiates the *Bennett* vs. *Connery* case from the case at bar. There were at least two persons in the plaintiff's automobile at the time of the collision, the operator and the plaintiff. She therefore had knowledge, or the means of knowledge of the cause of the collision. Her allegation to the contrary is manifestly an erroneous conclusion. Proof before the jury of the collision would not be prima facie evidence of negligence, and in such circumstances it is not too much to ask of the plaintiff that she allege in her declaration with reasonable certainty the negligence on which she bases her right to recovery. In the particular circumstances attending the collision in question as disclosed by the declaration, to require such an allegation does not defeat but rather furthers the ends of justice.

Demurrer is sustained and the plaintiff may have ten days in which to file an amended declaration.

For the plaintiff: Hogan & Hogan.

For the defendant: Clifford A. Kingsley.